# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

STEPFONZ CAMPBELL,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 18-CV-886-JPS
Crim. Case No. 17-CR-7-JPS

**ORDER**

Petitioner Stepfonz Campbell ("Campbell") pleaded guilty to one count of arson of a building resulting in injury, in violation of 18 U.S.C. §§ 844(i) and 2. *United States v. Stepfonz Campbell*, 17-CR-7-JPS (E.D. Wis.) (Campbell's "Criminal Case"), (Docket #18). On October 11, 2017, the Court sentenced him to 92 months' imprisonment. (Criminal Case, Docket #30). Campbell did not appeal his conviction or sentence.

On June 11, 2018, Campbell filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (Docket #1). That motion is now before the Court for screening:

> If it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4(b), Rules Governing Section 2255 Proceedings.

Generally, the Court begins the screening process by examining the timeliness of the motion and whether the claims therein are procedurally

defaulted. The Court need not address those matters, however, because Campbell's sole ground for relief is plainly meritless. Campbell says that his due process rights were violated because he was sentenced as a career offender and his previous convictions do not meet the standard for a "crime of violence." (Docket #1 at 5–9). However, Campbell was not sentenced as a career offender. Review of the presentence report, sentencing hearing minutes, and judgment from his Criminal Case confirms this. *See* (Criminal Case, Docket #25, #28, #30). In the presentence report, the Probation Office provided the United States Sentencing Guidelines calculation for Campbell's offense of conviction, and that calculation does not include a career offender enhancement. (Criminal Case, Docket #25 at 17–18). At the sentencing hearing, the Court adopted that Guidelines calculation for the purpose of determining an appropriate sentence. (Criminal Case, Docket #28 at 1). Because Campbell's sentence was not imposed on the basis of a career offender enhancement, his Section 2255 petition seeking to be re-sentenced without a career offender enhancement is plainly meritless.

Because Campbell is plainly not entitled to relief on the sole ground presented in his motion, the Court is compelled to deny the motion and dismiss this action with prejudice. Under Rule 11(a) of the Rules Governing Section 2255 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Campbell must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336

(2003) (internal citations omitted). No reasonable jurists could debate whether Campbell's motion presented a viable ground for relief. As a consequence, the Court is compelled to deny a certificate of appealability as to Campbell's motion.

Finally, the Court closes with some information about the actions that Campbell may take if he wishes to challenge the Court's resolution of this case. This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See id*. A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Accordingly,

**IT IS ORDERED** that Petitioner's motion to vacate, set aside, or correct his sentence pursuant to Section 2255 (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**; and

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 22nd day of June, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge